IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01184-MSK-MJW

ABBY M. LOCKE,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby ORDERED that Defendant's Motion for Protective Order Concerning 30(b)(6) Deposition of American Family Mutual Insurance Company (docket no. 18) is DENIED for the following reasons.  Each party shall pay their own attorney fees and costs since this court finds that under these circumstances, as outlined in the moving papers by both sides, it would be unjust to award expenses.

     The decision to issue a protective order rests within the sound discretion of the trial court.  <u>Wang v. Hsu</u>, 919 F.2d 130 (10th Cir. 1990).  At to topics 6, 7, and 8 outlined in the Rule 30(b)(6) Notice, this court finds that topics 6, 7, and 8 are not overly broad and do not attempt to elicit trade secrets of defendant American Family.  Instead, such inquiry into topics 6, 7, and 8 are "reasonably calculated to lead to the discovery of admissible evidence" and plaintiff is entitled to discovery of all information related to the handling of her insurance claim, regardless of what part of the company [defendant] has the information.  See <u>Rose Medical Center v. State Farm Mut. Auto, Ins. Co.</u>, 903 P.2d 15, 17 (Colo. App. 1994).  This court further finds that plaintiff is entitled to inquire through the discovery process as to: (1) whether defendant American Family undertook any effort to conduct an asset check prior to plaintiff's repeated requests for permission to settle with the at-fault driver; (2) if so why and if not why not; (3) whether defendant American Family had any policies and/or procedures with respect to when an asset check should be requested; (4) whether defendant American Family complied with any such internal policies and/or procedures in either requesting or failing to request as asset check; and (5) whether a separate subrogation file was maintained with respect to plaintiff's UIM claim, as the claim log notes in the UIM claim file are limited.  These areas of inquiry outlined in (1) through (5), inclusive, are directly relevant as to plaintiff's theory of the case.

As to topic 4, this court finds that such topic does not call for any protected or improper legal opinions or conclusions.  Here, plaintiff has plead an unreasonable delay or denial of insurance benefits pursuant to C.R.S. § 10-3-1115 and 1116 which require plaintiff to prove that defendant American Family delayed or denied payment of insurance benefits without a reasonable basis.  See CJI-Civ. 25:4 (2013).  Plaintiff has also plead a common law bad faith claim which requires plaintiff to prove that defendant American Family unreasonably denied payment of a valid claim or failed to reasonably investigate the claim or to gather facts.  Cook v. Sentry Ins., 194 P.3d 422, 427 (Colo. App. 2008).  Thus, plaintiff must show that defendant American Family knew or should have known that its conduct with respect to handling plaintiff's claim was unreasonable.  This court finds that industry standards are relevant under Fed. R. Evid. 401, and those unquestionably include an insurer knowing of, following, and having in place reasonable procedures to comply with statutes, regulations, and case law.  See Unfair Claims Settlement Practices Act, C.R.S. § 10-3-1104(1)(h)(III).  For these reasons, the subject motion (docket no. 18) should be denied.

Date: October 16, 2013