IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01184-MSK-MJW

ABBY M. LOCKE,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby ORDERED that Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Punitive Damages and to Amend Scheduling Order (docket no. 23) is GRANTED for the following reasons. Plaintiff may add a claim for Punitive Damages and the attached Amended Complaint (docket no. 23-17) is accepted for filing and is the operative Complaint. Each party shall pay their own attorney fees and costs for the subject motion (docket no. 23).

     This motion is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met

>despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). This court finds that plaintiff has satisfied this first step in the analysis and have established good cause to extend the deadline within which they may seek leave to amend the complaint.

The second step is consideration of whether plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

>Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted). Based upon this standard, and substantially for the reasons stated in Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Punitive Damages and to Amend Scheduling Order (docket no. 23) and in Plaintiff's Reply (docket no. 26), this court finds that the proposed amendments should be permitted. The court notes that no trial date or final pretrial date has been set in this matter. In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to extend discovery for a reasonable period and to alter any other deadlines. Id. Thus, any prejudice that might arise from these amendments is capable of being cured. Id.

Date: December 13, 2013