IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-01184-MSK-MJW

ABBY M. LOCKE,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

_____

OPINION AND ORDER GRANTING
MOTION FOR PARTIAL SUMMARY JUDGMENT

_____

     **THIS MATTER** comes before the Court on the Defendant's Motion for Summary

Judgment (**#34**), the Plaintiff's Response (**#35**), and the Defendant's Reply (**#36**).

## ISSUE PRESENTED

     In this action, the Plaintiff Abby Locke alleges that the Defendant American Family

Mutual Insurance Company ("American Family") failed to pay benefits that it owed to her under

uninsured/underinsured motorist ("UIM") provisions of two auto insurance policies issued by

American Family.

     Ms. Locke asserts two claims pursuant to Colorado law: (i) bad faith breach of contract

and (ii) unreasonably delay of payment of a claim in violation of C.R.S § 10-3-1115 and §10-3-

1116.[1] American Family moves for summary judgment on the amount of damages recoverable

pursuant to Ms. Locke's statutory claim. Specifically, American Family argues that the policies

benefitting Ms. Locke do not treat the amount for which she settled her claim against an

_____

[1] Accordingly, the Court exercises subject matter jurisdiction under 28 U.S.C. § 1332.

underinsured motorist as a defined benefit.  As a result, American Family reasons that the

settlement amount is not subject to an award of  double damages pursuant to C.R.S. § 10-3-1116.

### MATERIAL FACTS

Based upon the evidence submitted by the parties, which is construed most favorably to

the Plaintiff for the purposes of this motion, the Court finds the following:

On August 1, 2010, Ms. Locke was injured in a motor vehicle accident. At the time, Ms.

Locke was insured by American Family under two UIM policies. Each had a limit of $100,000 in

UIM benefits; combined these totaled $200,000. The other driver involved in the accident had

liability insurance of $100,000 per person.

On August 3, 2011, the other driver's insurance carrier offered to settle Ms. Locke's

personal injury claims for the policy limit of $100,000. On September 19, 2011, Ms. Locke

requested permission from American Family to settle with the other driver's carrier. Ms. Locke

contacted American Family five more times before it consented to Ms. Locke's settlement with

the other driver's carrier on November 18, 2011.

On November 28, 2011, Ms. Locke requested payment from American Family of

$200,000 in UIM benefits.  On December 15, 2011, American Family requested that Ms. Locke

provide medical records for the five years prior to the accident. Ms. Locke mailed American

Family her medical records on February 13, 2012. Over the following six months, American

Family requested additional records and made at least two offers to settle Ms. Locke's claim for

less than the $200,000 limit. On August 23, 2012, American Family agreed to pay Ms. Locke the

full benefit of $200,000.

Ms. Locke asserts that American Family unreasonably delayed in (i) consenting to settle

with the other driver's insurance and (ii) paying of UIM benefits owed to her. In addition, she

argues that under C.R.S. § 10-3-1116, which provides for recovery of "two times the covered benefit," she is entitled to recover $600,000. Specifically, she asserts that she is entitled to double damages for (i) the $200,000 limit of her policies with American Family and (ii) the value of the $100,000 settlement from the other driver's insurance company.

In its Motion for Summary Judgment, American Family asserts that Ms. Locke cannot recover double damages for the value of the $100,000 settlement because it is not a "benefit owed" under the terms if American Family's policy with Ms. Locke.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed.R.Civ.P.

56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a prima facie claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

## ANALYSIS

C.R.S. § 10-3-1115 prohibits insurers from "unreasonably delay[ing] or deny[ing] **payment of a claim for benefits** owed to or on behalf of any first-party claimant." If an insurer violates this provision, an insured "may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." C.R.S. § 10-3-1116. American Family seeks summary judgment on the issue of whether the value of the settlement with the underinsured tortfeasor is a "covered benefit" of Ms. Locke's UIM policies.

The interpretation of an insurance policy is a question of law. *See USAA Cas. Ins. Co. v. Anglum*, 119 P.3d 1058, 1059 (Colo. 2005); *EMC Ins. Companies v. Mid-Continent Cas. Co.*, 884 F.Supp.2d 1147, 1153 (D. Colo. 2012). The Court construes the policy's terms to give effect

4

to the intent and reasonable expectations of the parties. *See Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 501 (2004). Unless the policy's language is ambiguous, it should be enforced in accordance with its written terms. *See Anglum*, 119 P.3d at 1059.

The UIM provision of Ms. Locke's policies states that American Family "will pay compensatory damages for bodily injury which a person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle." However, American "will pay [UIM benefits] only if . . . the insured person informs [American Family] of a settlement offer by or on behalf of the owner or operator of the underinsured motor vehicle and requests [American Family's] written consent to accept such settlement offer." In addition, "[t]he limits of liability for this coverage is the most [American Family] will pay."

Thus, according to the plain language of the policy, a settlement offer from a third-party is not a "benefit owed," but rather a precondition to the payment of UIM benefits. Once the condition is met, the "covered benefit" under the UIM provision is the amount the insured would legally be entitled to recover from the other, underinsured, driver, but only up to the liability limits of her polices with American Family.

Here, the combined liability limit of the UIM provisions of Ms. Locke's polices was $200,000. In other words, the terms of her policy limit her covered benefit to a maximum of $200,000.[2] Thus, the maximum award of damages Ms. Locke could recover under C.R.S. § 10-3-1116 would be limited to $400,000, plus attorney fees and costs.

---

[2] Ms. Locke asserts that the value of the settlement is a separate covered benefit because "the obligation to replace funds is a benefit owed to Ms. Locke under the terms of her American Family insurance policy." To support her argument, she relies on deposition testimony from an American Family representative in which the representative agreed that, once an insured requests consent to settle, American Family "can either, one, replace those funds with funds of its own and go subrogate against the tortfeasor, or give consent and have the tortfeasor be released." The Court has some doubt that an agent's interpretation of the policy substitutes for its terms. Indeed, the policy expressly states that it "includes all the agreements between [Ms. Locke] and

Based on the terms of the insurance policies, it is clear that recovery from an underinsured motorist is not a benefit provided by American Family. Accordingly, the amount of recovery from the underinsured motorist is not subject to duplication as part of any award pursuant to C.R.S. § 10-3-1115.

American Family also requests that the Court award it attorney fees and costs, pursuant to C.R.S. § 10-3-1116(5), because Ms. Locke's theory of damages is "frivolous and unfounded." The statute says that a court shall award attorney fees "[i]f the court finds that an action brought pursuant to [C.R.S. § 10-3-1115] was frivolous as provided in [C.R.S. § 13-17-102]." C.R.S. § 10-3-1116(5). A claim is frivolous if there is no rational argument to support the proponent's claim. *See City of Aurora ex rel. Util. Enter. v. Colorado State Eng'r*, 105 P.3d 595, 620 (Colo. 2005).

The Court has some question as to whether assertion of a frivolous theory for measuring damages conceptually should result in an award of attorney fees. There is a distinction between a claim for relief which could give rise to liability, and a measure of damages which comes into play only after liability has been determined. The scope of a claim for relief can drive pre-trial discovery, investigation and increase both time and cost of litigation. In contrast, until liability has been established, the theory by which damages are measured is largely irrelevant except in a settlement context.

But assuming that a theory of how damages should be measured can be frivolous within the meaning of C.R.S. §§ 10-3-1116(5) and 13-17-102, the Court declines to award fees to American Family. Here, American Family has shown no prejudice or extreme cost related to the Plaintiff's assertion of her theory of how damages are measured. Although American Family has

[American Family] relating to [her] insurance." But even if American Family could make such election, the purpose of the election is to reimburse American Family not to increase benefits payable to an insured. In any event, American Family did not make the election in this case.

6

prevailed in the interpretation of its policies, the Court has not and does not determine that Ms. Locke's contentions are wholly irrational.

## CONCLUSION

For the foregoing reasons, American Family's Motion for Summary Judgment (**#34**) is **GRANTED**, however, American Family's request for attorney fees is **DENIED**.

Dated this 15th day of September, 2014.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

7